# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff/Respondent,** ) | |
| ) | **Crim. Case No. CR-24-58-RAW** |
| **v.** ) | |
| ) | **Civ. Case No. CV-26-128-RAW** |
| **DANIEL LEVI MAGNESS,** ) | |
| ) | |
| **Defendant/Movant.** ) | |

## <u>ORDER</u>

Now before the court is the *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion") filed by Defendant Daniel Levi Magness. [CR Doc. 102; CV Doc. 1]. Also before the court is a brief in support of the § 2255 motion. [CR Doc. 105]. The Government filed a response in opposition to Defendant's § 2255 motion. [CR Doc. 106]. Defendant did not file a reply.[1] This matter is ripe for ruling.

On August 1, 2024, Defendant pleaded guilty, without a plea agreement, to Child Abuse in Indian Country in violation of 18 U.S.C. §§ 2, 1151, 1153, & 21 O.S. § 843.5(A) ("Count 1"), Child Neglect in Indian Country in violation of 18 U.S.C. §§ 2, 1151, 1153, & 21 O.S. § 843.5(C) ("Count 5"), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8) ("Count 11"). [CR Doc. 42]. Approximately two months later, on October 15, 2024, Defendant pleaded guilty, without a plea agreement, to Child Abuse in Indian Country in violation of 18 U.S.C. §§ 2, 1151, 1153, & 21 O.S. § 843.5(A) ("Count 3"), and Maiming in Indian Country in violation of 18 U.S.C. §§ 114, 1151, & 1153 ("Count 7"). [CR Doc. 52]. Defendant appeared in person, and with appointed counsel, Mr. John A. L. Campbell, at both change of plea hearings.

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). On May 28, 2025, the court sentenced Defendant to 220 months of imprisonment on each of

---

[1]     After the time for filing a reply had passed, Defendant filed a motion for extension of time to file a reply, which was denied by this court's prior order. [CR Docs. 107 and 113].

Counts 1, 3, and 5, and 63 months on each of Counts 7 and 11, with the terms of imprisonment imposed on each count to be served concurrently with one another. [CR Doc. 91]. Judgment was entered on May 30, 2025. [CR Doc. 94]. Defendant did not appeal.

Defendant's § 2255 motion was filed on April 28, 2026.[2] [CR Doc. 102]. Defendant raises a single ground of ineffective assistance of counsel. *Id*. at 4, 9. He argues that he "was convicted and assessed 100.00 for violating 18 USC 922(g) without jurisdiction in violation of the Constitution, Treaties and Laws of the United States." *Id*. at 4. He notes that he is "a citizen of the Muskogee Creek Nation," was an enrolled member of the tribe "[p]rior to any alleged relevant conduct," and that "[a]ll relevant offense conduct was alleged to have occurred solely within the boundaries of the Muskogee Creek Nation Reservation." *Id*. He alleges that "[t]he Muskogee Creek Nation maintains exclusive jurisdiction to punish tribal members for conduct involving only Indians occurring within their reservation boundaries (save for, perhaps, the enumerated offenses of the [Major Crimes Act] inapplicable to this § 2255 claim)." [CR Doc. 105 at 2]. He further alleges that his "conviction extends beyond what is 'necessary and proper' where the Muskogee Creek Nation has criminal statutes in which they can exercise their own discretion or choose not to," and that "[p]rosecutorial discretion is a fundamental agency of self-government which would risk being infringed upon were this conviction to stand." *Id*. at 3. Defendant claims that counsel was ineffective for failing to advise Defendant "of any legal bases for making an objection to the conviction of 18 USC § 922(g)." [CR Doc. 102 at 9]. He further contends that "[t]his was not a strategy of counsel nor Defendant and thus Defendant did not knowingly or voluntarily waive this claim." [CR Doc. 105 at 2-3].

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel, and claims of ineffective assistance of counsel are governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland v. Washington* standard, Defendant must demonstrate that (1) the

---

[2]     The Government does not contest the instant motion's timeliness. A federal prisoner typically has one year from the date on which his conviction becomes final to file a motion for habeas corpus relief. *See* 28 U.S.C. § 2255(f)(1). If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Defendant's convictions became final on or about June 13, 2025.

representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. at 687. Regarding the first prong, the *Strickland* Court provided the following guidance:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Id.* at 689 (internal citation omitted). With respect to the second prong, the Supreme Court explained a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999). "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (citations and internal quotation marks omitted).

In the case at hand, the Government contends that Defendant cannot establish ineffective assistance of counsel. [CR Doc. 106 at 6-11]. The Government explains that "[t]he Gun Control Act of 1968, which was passed by the U.S. Congress and became law on October 22, 1968, set the country's laws on gun control for the entire nation, including Indian Territory," and that "[p]art of the Gun Control Act was establishing the list of prohibited people from being able to own a firearm, including people who have a previous felony conviction." *Id*. at 10. Pointing to paragraph 46 of the PSR, the Government reminds the court that Defendant has a previous felony conviction. *Id*. The Government then asserts:

> Defendant's jurisdictional argument is simply erroneous. In *United States v. Gachot*, the Tenth Circuit upheld a federal conviction related to the operation of an illegal gambling business under 18 U.S.C. § 1955 in the face of a similar jurisdictional challenge based on the Indian Country Crimes Act:

3

> Section 1955 is a nationally applicable federal criminal statute predicated on the Commerce Clause, *see United States v. Boyd,* 149 F.3d 1062, 1065-66 (10th Cir.1998), and, unlike the ICCA, it contains no exceptions related to crimes committed in Indian Country.
>
> Because the "[ICCA] and its exceptions do not extend or restrict the application of general federal criminal statutes to Indian reservations," Gachot's arguments regarding the ICCA, even if valid, have no bearing on the jurisdiction of a federal court under § 1955. *United States v. Drapeau,* 414 F.3d 869, 878 (8th Cir.2005); *see also United States v. Mitchell,* 502 F.3d 931 (9th Cir.2007) ("[B]y virtue of decisional law, federal court jurisdiction extends to intra-Indian violations of federal criminal laws of general, nationwide applicability."); *United States v. Barquin,* 799 F.2d 619, 621 (10th Cir.1986) (accepting that "tribal members are subject to general federal criminal statutes unless a particular Indian right or policy is infringed by enforcement of the law").

512 F3d 1252, 1254 (10th Cir. 2008). Moreover, the Ninth Circuit has also specifically rejected Defendant's argument under the Major Crimes Act by holding that § 922 (felon in possession of firearm) is crime of "general, nationwide applicability":

> [T]he [Indian] Major Crimes Act [ ] deals only with the application of federal enclave law to Indians and has no bearing on federal laws of nationwide applicability that make actions criminal wherever committed." *United States v. Juvenile Male,* 118 F.3d 1344, 1350-51(9th Cir.1997) (alterations and emphasis in the original) (quoting *United States v. Begay,* 42 F.3d 486, 498 (9th Cir.1994)). We have previously determined that 18 U.S.C. § 922(g) is a federal statute of general applicability. *United States v. Young,* 936 F.2d 1050, 1055 (9th Cir.1991).

*United States v. Gallaher*, 275 F.3d 784, 788 (9th Cir. 2001).

> Defendant's trial counsel was not ineffective for failing to advise Defendant to mount a rejected jurisdictional challenge. His motion for relief should be denied.

[CR Doc. 106 at 10-11]. The Government's arguments are persuasive. Defendant has not satisfied the *Strickland* test with respect to his claim of ineffective assistance of counsel.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a

4

§ 2255 motion on procedural grounds without reaching the merits of a defendant's claims, a certificate of appealability should issue when a defendant "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a § 2255 motion on the merits, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Upon consideration, this court finds that Defendant cannot meet either of these standards. This court hereby declines to issue a certificate of appealability.

Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [CR Doc. 102; CV Doc. 1] is hereby DENIED.[3] Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 6th day of July, 2026.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[3] The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.