**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-58-RAW** |
| | ) | **(CIV-26-128-RAW)** |
| **DANIEL LEVI MAGNESS,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |

**ORDER**

Before the court is the motion of the petitioner to alter or amend judgment and/or motion for relief from judgment. On July 6, 2026, the court entered an order and judgment (##114 & 115) denying petitioner's motion pursuant to 28 U.S.C. §2255. On July 2, 2026, the court had entered a separate order (#113) denying petitioner's request for extension of time (#107) to file a reply to his §2255 motion and motion to release assessment fee hold on inmate funds (#108). Petitioner indicates that the present motion is directed toward both previous orders.

Petitioner cites both Rules 59(e) and 60(b) F.R.Cv.P. The motion, however, was filed on July 27, 2026. Rule 59(e) has a time limit of 28 days and the motion was filed within it. Accordingly, the motion will be construed as a Rule 59(e) motion. "No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time

period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment." *Hayes Family Trust v. State Farm Fire & Casualty Co.,* 845 F.3d 997, 1004 (10th Cir.2017).*

Rule 59(e) relief is available in limited circumstances, including (1) an intervening change in the controlling law; (2) when new evidence previously was unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Id.* Relief is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000).

Petitioner has failed to meet his burden regarding entitlement to relief. He declares that his funds are now unfrozen and that issue is moot. He does not demonstrate how the filing of a reply as to his §2255 motion would benefit him, as that motion relied solely on the assertion of ineffective assistance of counsel (and only as to one count), which he now appears to have abandoned.

Rather, he argues – as he did in his §2255 motion – that the court was without jurisdiction to accept his guilty plea to 18 U.S.C. §922(g)(1). Just a few days ago, the Tenth Circuit again rejected a similar argument.

---

*This is not prejudicial to the petitioner. The standard for relief under Rule 59(e) is more lenient (i.e., more favorable to the moving party) than the standard under Rule 60(b). *See BLOM Bank SAL v. Honickman,* 605 U.S. 204, 215-16 (2025).

"[F]ederal laws of general application, in which the situs of the offense is not an element of the crime, apply on Indian reservations. *See, e.g., United States v. Gachot,* 512 F.3d 1252, 1254 (10th Cir.2008)." *United States v. Lerblance,* 2026 WL 3229413, *3 (10th Cir.2026). As this court previously noted in order #114, Section 922(g)(1) is just such a generally applicable federal criminal law. *See also United States v. Colbert,* 2026 WL 1298284, *2 (10th Cir.2026)(conviction under §922(g)(1) survives "frivolous" jurisdictional challenge).

It is the order of the court that the motion to alter or amend judgment or motion for relief from judgment (#116) is hereby denied.

**ORDERED THIS 4th DAY OF NOVEMBER, 2026.**

Ronald A. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**